### GEORGE W. COOMBS *vs.* LYDIA W. ANDERSON.

Essex. Nov. 5, 1884. — Jan. 17, 1885. FIELD & C. ALLEN, JJ., absent.

If a tenant in tail of land, entitled to possession, conveys it by deed to a person in actual possession thereof, the grantor is "actually seised" of the land, within the Rev. Sts. c. 59, § 3, and his deed is sufficient to bar the entail.

A tenant in tail seised of an undivided half of a parcel of land is seised of land, within the Rev. Sts. c. 59, § 3.

A deed of quitclaim by a tenant in tail, of all his "right, title, interest, and estate" in a parcel of land, is sufficient in form to bar the entail, under the Rev. Sts. c. 59, § 3.

WRIT OF ENTRY to recover one undivided half of a parcel of land in Lynn. Plea, *nul disseisin.* The case was submitted to

the Superior Court, and, after judgment for the tenant, to this court, on appeal, upon agreed facts, in substance as follows:

John Williams died on April 22, 1850, seised of the demanded premises. He left a will, which was duly admitted to probate, and by which, after giving legacies to each of his three sisters, to be paid by a sale of so much of his real estate as was necessary, and the remaining real estate to his wife during her life, or widowhood, he provided as follows: "All the real estate, which shall remain undisposed of at the time of the marriage or death of said wife, I dispose of as follows, viz.: One half thereof I give, devise, and bequeath to my nephew Thomas Coombs and the children of his body lawfully begotten, and if he shall die leaving no child or children alive at the time of his death, then to be equally divided among the brothers of said Thomas who are alive at the time of his death. The other half of my said real estate I give, devise, and bequeath to my niece Catherine I. Doake and the children of her body lawfully begotten, and, if she shall die leaving no child or children alive at the time of her death, then to be equally divided among her brothers and sister who are alive at the time of her death."

The widow accepted the trust, and paid out of her own funds the legacies charged upon the estate. On August 20, 1854, she was married to Joseph M. Anderson. Prior to said marriage, she entered into an arrangement with Thomas Coombs and Catherine I. Bartol (formerly Catherine I. Doake), two of the devisees mentioned in said will, and Thomas R. Bartol, husband of said Catherine, in the right of his wife, by which, in consideration of the sum of $500 to be paid to each of said devisees, they agreed to convey to her all their right, title, interest, and estate in said premises. This arrangement was reduced to writing and embodied in a bond. In pursuance of said arrangement, on August 21, 1854, said Coombs and his wife and said Bartol and her husband, said Lydia W. still remaining in possession of said real estate, by separate deeds, conveyed all their interest to her. The deed of Coombs, which was duly recorded on September 13, 1854, quitclaimed unto Lydia W. Anderson "all my right, title, interest, and estate in and to a piece of land with the buildings thereon," describing it by metes and bounds, "meaning to describe and convey the same premises formerly

owned and occupied by John Williams, late of Lynn, deceased."
The deed contained a warranty against all incumbrances made
by the grantor, and a release of dower by his wife.

Said Coombs never made or executed any other instrument
which conveyed or purported to convey said premises, and died
intestate in 1872, leaving the demandant, a child lawfully be-
gotten of his body, who was born in 1847, as his only heir at
law.

The demanded premises at the time of said conveyance were
not worth more than five hundred dollars.   Coombs lived in
Lynn from the time of said conveyance until his decease, Janu-
ary 29, 1872, near to said demanded premises, was frequently
there, and was on familiar terms with said Lydia W.

The tenant, ever since the conveyance to her, has resided
upon said premises, and claimed to hold them in her own right,
and her possession thereof has been open, notorious, and unin-
terrupted, and undisputed until about the time of the beginning
of this action.

*B. N. Johnson & G. B. Ives*, for the demandant.

*W. H. Niles & G. J. Carr*, for the tenant.

HOLMES, J.   The demandant claims as heir of Thomas
Coombs's body, whom both sides agree to have had an estate
tail by the devise to him and the children of his body lawfully
begotten, in the will of John Williams.   *Nightingale* v. *Bur-
rell*, 15 Pick. 104, 114.   The tenant sets up a conveyance by
Thomas Coombs to her in fee, by quitclaim deed, of all his
right, title, interest, and estate.

Thomas Coombs was " actually seised " as tenant in tail within
the meaning of the Rev. Sts. c. 59, § 3 (Pub. Sts. c. 120, § 15).
*Lithgow* v. *Kavenagh*, 9 Mass. 161, 178.   And he was seised of
"land."   The undivided half of a fee is land.   Rev. Sts. c. 2,
§ 6, cl. 10 (Pub. Sts. c. 3, § 3, cl. 12).   *Leavitt* v. *Cambridge*,
120 Mass. 157.

It is settled that the form of deed employed was sufficient to
bar the entail.   *Allen* v. *Ashley School Fund*, 102 Mass. 262, 265.
See *Lithgow* v. *Kavenagh*, 9 Mass. 175.   *Hall* v. *Thayer*, 5 Gray,
523, turns on a deed executed before the statute.

*Judgment for the tenant.*