ROBERT G. S. COLLAMORE *vs.* JOHN H. COLLAMORE.

Suffolk.   November 17, 1892. — January 6, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Writ of Entry — Devise — Estate Tail — Mortgage — Deed — Barring Entail.*

A testator to whom certain premises were conveyed in 1799, by his will, which was
allowed in 1813, gave one half of his property to his only daughter M., " and her
heirs born of her body forever," and the other half to his only son J.   Upon a
petition for partition by J. and M., the premises above mentioned were set off to
M. as her share under the will.   M. was twice married, and by her first husband
had three sons, A., B., and C.   M. and her second husband, in 1835, conveyed
the premises in mortgage to a certain corporation.   M. died in 1845, and by her
will she gave the premises in trust for the joint benefit of her sons B. and C.,
who had the right to terminate the trust, and, upon request, receive a conveyance
of the premises discharged of the trust.   The trustee was to take the premises
subject to the mortgage, which he was to pay ; and the mortgage was discharged
in 1865.   In 1846, A., " in consideration of five dollars " paid to him by the trus-
tee, " and for other good and valuable considerations," conveyed the premises to
the trustee, " be my right, title, interest, and estate in and to the said parcels of
land, . . . in whatever manner acquired, whether by devise, descent, or other-
wise."   The deed, which was duly recorded, also recited that the conveyance
was made for the further assuring of the title of the trustee under the will of
A.'s mother, and for confirming to the trustee a full and absolute estate in fee
simple therein, and also for the purpose of ratifying a conveyance of the premises
with other parcels which had been made by A. jointly with B. and C. to the trus-
tee earlier in the same year.   In 1874, the administrator of the estate of C., who
had died, conveyed, under a license from the Probate Court, C.'s estate in the
premises to B., and in the same year the trustee under M.'s will conveyed the
premises discharged of the trust to B.   A. died in 1884, and his oldest son, in
1890, brought a writ of entry against B. to recover the premises.   *Held,* that the
devise to M. in her father's will created an estate tail, and, on her death, the
estate descended to A , her oldest son ; that the mortgage given by M. and her
husband was immaterial ; that the deed of A. in 1846 barred the entail ; and that
the action could not be maintained.

WRIT OF ENTRY, dated January 25, 1890, to recover a parcel
of land in Boston.   Plea, *nul disseisin.*   Trial in the Superior
Court, before *Blodgett,* J., who allowed a bill of exceptions, in
substance as follows.

The evidence showed that George Makepeace, by a warranty
deed dated September 27, 1799, duly acknowledged and re-
corded on September 28, 1799, conveyed the demanded premises
to John Hoffman, who was the demandant's great-grandfather

and the tenant's grandfather. He died in December, 1812, leaving two children, John B. Hoffman and Maria Eliza Hoffman, surviving. The will of John Hoffman, which was duly proved and allowed on January 18, 1813, provided, among other things, as follows: "After my said wife's decease, I give and bequeath to my only daughter, Maria Eliza Hoffman, and her heirs born of her body forever, one half of all the property which my said wife may leave at her decease. The other half I give and bequeath to my only son, John Butler Hoffman, and his legal heirs forever, after my wife's decease." The demanded premises were afterwards, under a petition for partition of John B. Hoffman and Maria E. Hoffman, duly set off to Maria E. as her share as devisee under said will. Maria E. was twice married. Her first husband was Gilman Collamore. The issue of that marriage was two daughters, who died during their infancy, and three sons, — Gilman, father of the demandant, John H., the tenant, and George W. Her second husband was Israel Ames. Israel Ames and Maria E. in her right, by a deed dated October 15, 1835, duly acknowledged and recorded on October 29, 1835, conveyed the demanded premises in mortgage, in consideration of $12,000, to the Massachusetts Hospital Life Insurance Company, by words of bargain and sale, with covenant of lawful seisin in fee in the grantors. The defeasance clause was, that upon the payment of $12,000 the deed was to be void. The mortgage was discharged in the margin on October 16, 1865. Maria E. died on November 15, 1845, leaving a will, which was duly proved and allowed on January 5, 1846, by the terms of which she bequeathed the demanded premises to George H. Kuhn, in trust for the joint and equal benefit of her two sons, John H. Collamore and George W. Collamore, with the right in them to revoke and terminate the trust, and upon request the premises, or any part thereof, were to be conveyed to themselves discharged of the trust. The will further provided that the trustee should take the demanded premises subject to the mortgage of $12,000, and that the trustee should pay the same, so as to hold the testatrix's husband harmless and indemnified therefrom. On January 19, 1846, Kuhn resigned the trust, and the Supreme Judicial Court, on February 2, 1846, appointed John A. Andrew trustee in place of Kuhn.

By a deed dated February 5, 1846, Gilman Collamore, John H. Collamore, and George W. Collamore, in consideration of one dollar paid by Andrew, trustee, did " grant, remise, release, and forever quitclaim unto the said Andrew, his heirs and assigns forever, all the right, title, and interest, estate, and claim which we, or either of us, have, or might have, as heirs at law of our late honored mother, Mrs. Maria Eliza Ames, late of said Boston, deceased wife of Israel Ames of said Boston, or under the last will and testament of our grandfather, John Hoffman, late of said Boston, merchant, deceased, or in any other manner acquired save the right, title, interest, estate, and claim which we have, whether jointly or severally, under the last will and testament of our late said mother, in and to the following parcels of land, with the buildings thereon," including, among other estates, the demanded premises. This deed further referred to the fact of the resignation of Kuhn and the appointment of Andrew as trustee, and then recited as follows : " We do hereby mean and intend to convey and confirm the premises aforesaid, with the privileges and appurtenances thereunto belonging." The habendum was to Andrew as trustee, " for the purposes expressed in the will of our late mother, Maria E. Ames, above referred to." The respective wives of Gilman and George joined for the purpose of release of dower. The deed was acknowledged by all the grantors, and duly recorded on February 21, 1846.

By a second deed, dated December 12, 1846, Gilman Collamore, in consideration " of five dollars to me paid by John A. Andrew of Boston, in the county aforesaid, trustee under the will of Maria E. Ames, late of said Boston, deceased, the receipt of which is hereby acknowledged, and for other good and valuable considerations me thereto moving," by words of bargain and sale, conveyed to Andrew the demanded premises. The deed also provided as follows : " be my right, title, interest, and estate in and to the said parcels of land, and each and every part of them, in whatever manner acquired, whether by devise, descent, or otherwise. This conveyance being made for the further assuring of the title of the said Andrew as trustee under the will of my said late mother, in and by which the parcels of land aforesaid were devised in trust for the benefit of my

brothers, John H. Collamore and George W. Collamore, and for the confirming unto the said Andrew, trustee as aforesaid, his heirs and assigns, a full and absolute estate in fee simple therein, as also for the purpose of ratifying and confirming the grant and conveyance made by me jointly with my said brothers to the said Andrew by deed dated" February 5, 1846. Lucinda C. Collamore, wife of Gilman, joined for the purpose of release of dower, and the deed was duly acknowledged and recorded on December 31, 1846. The oldest child of the demandant's father was Maria L. H. Collamore, born on December 3, 1845; and it was admitted that the demandant is the oldest son of Gilman Collamore, that the latter was the oldest son of Maria E., and that he died on July 26, 1884.

It further appeared that George Putnam, Jr., as administrator *de bonis non* of the estate of George W. Collamore, deceased, under a license from the Probate Court granted on April 13, 1874, conveyed the estate of George W. in the demanded premises to the tenant, by a deed dated May 30, 1874, duly acknowledged and recorded ; and that Andrew, as trustee, conveyed the demanded premises discharged of the trust to the tenant, by a deed dated September 3, 1874. The demandant testified that the tenant had told the demandant that he had obtained the premises partly under his mother's will and partly at an auction sale on a judgment he had obtained against his brother George.

The demandant also introduced in evidence the answers of the tenant to interrogatories propounded to him in proceedings in the Probate Court, which stated, among other things, that he did not pay Gilman anything to execute the deeds of February 5 and December 12, 1846.

The judge ruled that, upon all the evidence, the jury would not be justified in returning a verdict for the demandant; and directed a verdict for the tenant. The demandant alleged exceptions.

*E. B. Goodsell*, for the demandant.

*R. M. Morse*, for the tenant, was not called upon.

FIELD, C. J. It is conceded by the counsel of the tenant that the devise of John Hoffman to his daughter, " Maria Eliza Hoffman, and her heirs born of her body forever," created an

estate tail, and that on her death the estate descended to her oldest son, Gilman Collamore, of whom the demandant is the oldest son. *Corbin* v. *Healy*, 20 Pick. 514. Maria Eliza died on November 15, 1845. It is contended, among other things, by the counsel of the tenant, that Gilman Collamore barred the entail by his deed of December 12, 1846, to John A. Andrew, trustee. Gilman died on July 26, 1884. On the facts stated in the exceptions, it must be taken that Gilman, at the date of his deed, was actually seised of the land as tenant in tail, within the meaning of Rev. Sts. c. 59, § 3, now Pub. Sts. c. 120, § 15. *Green* v. *Chelsea*, 24 Pick. 71, 78. *Coombs* v. *Anderson*, 138 Mass. 376. The mortgage of Maria Eliza and her husband to the Massachusetts Hospital Life Insurance Company is immaterial. It does not appear that the mortgagee ever took actual possession of the land, and the mortgage was discharged on October 16, 1865. A mortgagor of land in possession, and his heirs, are actually seised of the land as against everybody but the mortgagee. *Willington* v. *Gale*, 7 Mass. 138. *Dolliver* v. *St. Joseph Ins. Co.* 128 Mass. 315. The deed of Gilman Collamore was sufficient in form to bar the entail. *Coombs* v. *Anderson, ubi supra.*       *Exceptions overruled.*