ALBIN JOHNSON *vs.* ROYAL WHITON.

Suffolk.    May 31, 1893. — June 24, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Qualified Fee — Alienability of Real Estate — Descent of Real Estate.*

A testator gave to his " granddaughter, S., and her heirs on her father's side," one third part of all his estate, both real and personal. *Held,* that S. could convey in fee simple absolute the real estate thereby acquired.

CONTRACT, to recover a deposit paid under an agreement to purchase land, which provided that in case the title was defect

ive the vendor should refund the deposit. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on agreed facts, the material portions of which appear in the opinion.

*W. P. Fowler*, for the plaintiff.

*G. M. Reed*, for the defendant.

HOLMES, J. This is an action to recover a deposit paid under an agreement to purchase land. The land in question passed under the seventh clause of the will of Royal Whiton to his five grandchildren, and a deed executed by them was tendered to the plaintiff, but was refused on the ground that one of the grandchildren, Sarah A. Whiton, could not convey a fee simple absolute, and this action is brought to try the question. The clause of the will referred to is as follows: "After the decease of all my children, I give, devise, and bequeath to my granddaughter, Sarah A. Whiton, and her heirs on her father's side, one third part of all my estate, both real and personal, and to my other grandchildren and their heirs respectively the remainder, to be divided in equal parts between them."

We see no room for doubt that the legal title passed by the foregoing clause. We think it equally plain that the words " and her heirs on her father's side " are words of limitation, and not words of purchase. The only serious question is whether the effect of them was to give Sarah A. Whiton merely a qualified fee, and whether by reason of the qualification she is unable to convey a fee simple. We do not think that it would be profitable to follow the discussions to be found in 1 Prest. Est. 449 *et seq.*, and Challis, Real Prop. 215 *et seq.* By the old English law, to take land by descent a man must be of the blood of the first purchaser; Co. Lit. 12 a; 2 Bl. Com. 220; and by the St. 3 & 4 Will. IV. c. 106, § 2, descent is traced from the purchaser. For instance, if the land had been acquired in fee simple by Sarah A. Whiton's father, it could have descended from her only to her heirs on her father's side. The English rule means that inherited property does not pass from one line to the other, and is like the rule of the French customary law, *Propres ne remontent pas.* P. Viollet, Hist. du Droit Civil Franç. (2d ed.) 845. In this state of the law of descent it was no great stretch to allow a limitation in the first instance to Sarah of a fee

with the same descendible quality that it would have had in the case supposed. Challis, Real Prop. 216, 222, 224. Co. Lit. 220 b. *Blake* v. *Hynes*, 11 L. R. Ir. 284. 1 Prest. Est. 474. See St. 22 & 23 Vict. c. 35, § 19. Especially is this true if, as Mr. Challis argues, the grantee under such a limitation could convey a fee simple, just as he or she could have done if the estate actually had descended from the father. But our statute of descent looks no further than the person himself who died seised of or entitled to the estate. In other words, inherited property may pass from one line to the other in Massachusetts. Pub. Sts. c. 125. The analogy on which is founded the argument for the possibility of limitations like that under discussion is wanting. A man cannot create a new kind of inheritance. Co. Lit. 27. Com. Dig. Estates by Grant (A 6). These and other authorities show, too, that except in the case of a grant by the King, if the words " on her father's side " do not effect the purpose intended, they are to be rejected, leaving the estate a fee simple, which was Mr. Washburn's opinion. 1 Washb. Real Prop. (5th ed.) 61. Certainly it would seem that in this Commonwealth an estate descending only to heirs on the father's side was a new kind of inheritance.

What we have to consider, however, is not the question of descent, but that of alienability; and that question brings a further consideration into view. It would be most unfortunate and unexpected if it should be discovered at this late day that it was possible to impose such a qualification upon a fee, and to put it out of the power of the owners to give a clear title for generations. In the more familiar case of an estate tail, the Legislature has acted and the statute has been carried to the farthest verge by construction. Pub. Sts. c. 120, § 15. *Coombs* v. *Anderson*, 138 Mass. 376. It is not too much to say that it would be plainly contrary to the policy of the law of Massachusetts to deny the power of Sarah A. Whiton to convey an unqualified fee.

*Judgment for defendant.*