LEVI F. SMITH *vs.* JEANNIE L. RICE.

Worcester.   January 14, 1903. — April 3, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Devise*, Construction.   Words, "Heirs."

A testator devised and bequeathed all his real and personal estate to his son "to have and to hold the same to him, his heirs, assigns, executors and administrators, to his and their use and behoof forever." *Held*, that the son took an estate in fee simple, the word "heirs", although unnecessary, being used as a word of limitation and not of purchase.

WRIT OF ENTRY, dated November 29, 1901, to recover one undivided third part of about forty-five acres of land called Hardscrabble farm and of about twenty-five acres of land called Wildflower farm, in that part of Worcester called Tatnuck.

In the Superior Court the case was heard upon agreed facts by *Fessenden,* J., who found for the tenant and ordered judgment for the tenant for costs. The demandant appealed.

Both the demandant and the tenant were grandchildren of Levi Moore of Worcester, the material portion of whose will is quoted by the court. Levi Moore, Junior, son of Levi, immediately after his father's death in 1872, took possession of the premises, and continued that possession until his own death in 1901. He left a will by which he devised the premises to Jeannie L. Rice, the tenant, who was in possession at the date of the writ.

*W. O. Childs,* for the demandant.

*W. E. Sibley,* for the tenant.

BRALEY, J. At the time of the making of the will and when it was probated, the only children and heirs at law of Levi Moore, the testator, were his son, Levi Moore, Junior, his daughter Sarah M. Smith, mother of the demandant, Ella M. L. Rice, and Jeannie L. Rice, the tenant, children of his deceased daughter, Lucy Rice.

The parties to the suit and Ella M. L. Rice, now by marriage Ella M. L. Brown, are the only surviving heirs of the testator. The demandant as the only heir at law of Sarah M. Smith, claims one undivided third part of the premises described in his writ, and that the title to the remaining two thirds are in Ella M. L. Brown and Jeannie L. Rice; while the tenant sets up title to the whole tract under the will of Levi Moore, Junior, and the only question presented is whether Levi Moore, Junior, under the will of his father, took a fee or an estate tail in the demanded premises.

The will of the testator is brief, and contains but one clause wherein he disposes of all his estate, both real and personal, and all his children and grandchildren are specifically named. To his daughter and grandchildren no part of the estate is devised, or bequeathed, because he has already given to the daughter

"all that she should receive from my estate," and jointly with his son had supported the grandchildren from infancy, and then, after making provision for the payment of his debts, he proceeds, "I give bequeath and devise all my estate real, personal or mixed, of which I may die seised and possessed, or to which I may be entitled at the time of my decease, to my son, Levi Moore, Junior, of said City of Worcester, to have and to hold the same to him, his heirs, assigns, executors and administrators, to his and their use and behoof forever."

The testator's estate was not of large value and he was disposing of both real and personal property and we do not understand the argument of the demandant to go to the extent of claiming that there was any limitation as to the personalty, and the use of the words "all my estate" in a will, ordinarily are sufficient to pass a fee. Besides, the words commonly understood as creating an estate tail are wanting, and it is difficult to find in the terms of this devise any foundation for the argument that the words "his heirs" are words of purchase and not of limitation; and while he might have stopped with the word "heirs," being all that was necessary to give a fee, yet the testator's use consecutively of the words "assigns, executors and administrators" immediately following, and which are often treated as equivalent to the phrase "legal representatives," is in part a mere repetition, and the words do not of themselves operate to cut down the estate devised from a fee simple to a life estate in the first taker. *Briggs* v. *Shaw*, 9 Allen, 516, 518.

The language employed would not at common law have been sufficient to create an estate tail by deed; for while words of inheritance are used, there is no limitation to a particular class of heirs who are to take, but this, however, is not necessary in a will where the manifest intent of the testator gathered from the whole instrument must control, and is the true rule for its construction. If the testator had been conveying title by deed instead of by will, the words used would have been apt to pass an estate in fee simple, and while it is not necessary to use the word "heirs" in making a devise of a fee, Rev. Sts. c. 62, § 4, Gen. Sts. c. 92, § 5, Pub. Sts. c. 127, § 24, R. L. c. 135, § 22, as the language "shall be construed to convey all the estate which the testator could lawfully devise in the lands mentioned, unless it

clearly appears by the will that he intended to convey a less estate ", it does not follow that when appropriate words are used a fee does not pass by will, where by the same language it would pass by deed. The usual meaning from long usage given to these words in passing title to real estate is not affected by any subsequent language of the will, and it is a common practice where real estate is devised to insert words of inheritance. *Gifford* v. *Choate*, 100 Mass. 343, 344. *Wood* v. *Seaver*, 158 Mass. 411. See also *Johnson* v. *Whiton*, 159 Mass. 424, a much stronger case on the facts to support the argument advanced by the demandant, and where the words " and her heirs on her father's side " were rejected leaving the estate a fee simple.

We are of the opinion that Levi Moore, Junior, under the will of his father, took a fee in the estate devised; and as by the will of Levi Moore, Junior, the tenant succeeded to his title in the demanded premises, the entry must be,

*Judgment affirmed.*