JENNIE B. BEEMAN, Appellee, v. MATTIE H. STILWELL et al., Appellants.

**DEEDS:** Construction—Estate Conveyed—Ineffectual Limitation on Fee Simple. A deed which *"sells and conveys"* real property to a named person and to *"her heirs"* carries a *fee simple* title to said named person, and this result is in no manner changed or obviated by the fact that grantor strikes out the letter *"s"* in the word *"heirs"* and, by interlineation, attempts to specify that a certain other named person *only* shall be considered an heir.

*Appeal from Allamakee District Court.*—H. E. TAYLOR, Judge.

SEPTEMBER 19, 1922.

ACTION in equity, to quiet title to certain real estate. The

plaintiff claims to be the absolute owner in fee simple of said real estate, by virtue of a certain warranty deed. The defendants claim an interest in said premises under said deed, and seek reformation thereof. A decree was entered, quieting the title in the plaintiff. Defendants appeal.—*Affirmed.*

*Hurd, Lenehan, Smith & O'Connor* and *Stilwell & Stilwell,* for appellants.

*William S. Hart,* for appellee.

FAVILLE, J.—One C. D. Beeman was a widower, about 66 years of age. He had four children. On the thirty-first of March, 1894, he married a widow in the state of Vermont, who had six children. The youngest of said children was a daughter, the appellant Mattie, who, after the marriage, came to Waukon, Iowa, and continued thereafter to live with her mother and stepfather for some eight or nine years. She was about fifteen years of age at the time, and her stepfather became very fond of her. She subsequently married one Stilwell. She is the appellant in this action. Her mother is the appellee. Beeman had little acquaintance with the other children of his second wife. On the third day of July, 1897, Beeman executed and delivered to his wife the deed which is the subject of controversy in this action. In order to clearly present the question involved, we attach hereto a photographic copy of said deed.

WARRANTY DEED.

## Know All Men By These Presents:

That _____

of _____ County, State of Iowa _____ in consideration of the
sum of _____ DOLLARS
in hand paid by _____
of _____ County, State of Iowa _____ do hereby sell and
convey unto the said _____
and _____ heirs and assigns the following described premises, situated in the county of Allamakee
and State of Iowa, to-wit:

_____

And _____ do hereby covenant with the said _____
that _____ lawfully seized of said premises, that they are free from encumbrance, that _____
have good right and lawful authority to sell and convey the same, and _____ do hereby
covenant to WARRANT and DEFEND the said premises against the lawful claims of all persons whomsoever.
And _____ the grantor aforesaid hereby relinquish all contingent rights, including right of dower,
which _____ have in and to the said described premises.

Signed the _____ day of _____ A. D. 189___

IN PRESENCE OF

STATE OF IOWA,
Allamakee County.

On this _____ day of _____ A. D. 189___, before me
_____ in and for said County, personally appeared _____
to me personally known to be the
identical person whose name _____ affixed to the above deed as grantor and
acknowledged the same to be _____ voluntary act and deed.

Witness my hand and _____ the date
last above written.

The grantor, Beeman, died in May, 1903. The appellee brought this action to quiet title to the premises conveyed by said deed, alleging that she is the absolute and unqualified owner of said premises. The appellant, by answer and cross-petition, alleges that she acquired an interest in said described real estate under and by virtue of said deed, and prays that said interest may be established, and also that said deed may be reformed.

I.    Upon the question of reformation, as prayed by the appellant, we find the evidence insufficient to warrant any reformation of said instrument. Therefore, we must construe it according to its terms, and in the light of the extrinsic evidence, so far as the same is competent, bearing upon the intent of the grantor.

II.    It appears without dispute that the deed was prepared by the grantor. He evidently secured a blank form of warranty deed, and filled in the written portion thereof.

The question in the case turns upon the proper construction to be placed upon the deed. It will be observed that in the granting clause of the deed the grantor struck the letter "s" from the word "heirs," as printed in said instrument, and inserted, by interlineation, the following clause, "and it is understood that Mattie H. Falby is the only heir contemplated herein," so that the granting clause in said deed reads as follows:

"Do hereby sell and convey unto the said Jennie B. Beeman and her heir, and it is understood that Mattie H. Falby is the only heir contemplated herein, and assigns, the following · described premises," etc.

It is to be noted that there are no limitations whatever· in the deed, except as expressed in the granting clause. The covenants of the deed are in the usual printed form, and the covenant is made "with the said Jennie B. Beeman." Does the granting clause of this deed vest a fee-simple estate in Jennie B. Beeman? Did the appellant Mattie acquire any interest in the property under said deed? The property conveyed was, at the time, the homestead of the grantor and his wife, with whom the appellant Mattie lived. The deed recites a consideration of one dollar, in hand paid by the grantee; but the evidence shows that nothing was in fact paid, and that the conveyance was a

voluntary gift.   The grantor was a business man, engaged in merchandising, and was not an experienced conveyancer.   It is to be noticed that he refers to his wife by name three times in the instrument.   He describes the consideration as having been paid by her.   The granting clause recites that he sells and conveys unto her (with the added clause which is in controversy), and the covenants are made to his wife, by name.

What title passed under this deed, and to whom did it pass? In determining this question, we must first of all look to the language of the instrument, and we may also consider proper extrinsic evidence, to determine the intent of the testator, if there is uncertainty or ambiguity in the language of the instrument.

The grantor had, for his purpose, obtained a printed form of deed, with the words "heirs and assigns" in the granting clause.   The inclusion of these words as printed in the deed neither added to nor detracted from the estate granted, which was an estate in fee simple.   Code Section 2913 provides:

"The term 'heirs' or other technical words of inheritance are not necessary to create and convey an estate in fee simple."

It is quite apparent that, when the grantor discovered the word "heirs" in the printed form of deed, he attached some significance to it.   Viewed in the light of the circumstances surrounding the parties and the transaction, we think the inference is warranted that the grantor "contemplated" placing a limitation upon the word "heirs" which he found in the printed document.   He thereupon struck the letter "s" from the word, and interlined the clause, "and it is understood that Mattie H. Falby is the only heir contemplated herein."

It is contended that the grantor, by this change, used the word "heir" as a word of description, and intended to designate the appellee as a cograntee.

It is true that the word "heir," as used in both deeds and wills, may, under certain conditions, be construed to mean "child."   This is a general rule, and we have expressly so declared.   *Van Dusen v. Sharrar*, 186 Iowa 1082.   There is, however, nothing in the instant case which would either justify or require us to construe the word "heir," as used in this deed,

to mean the word "child," or to give it other than its ordinary and usual meaning.

If the grantor had intended to convey the property to appellant and appellee as joint owners, or tenants in common, it would have been a very simple matter, even for a layman, to have so provided in the deed. But the grantor was not endeavoring to do this. He was not trying to substitute the word "child" for the word "heirs" which he found in the deed. Such was not his clear purpose and intent. He used the word "heir" evidently in its generally accepted and understood meaning, and not as designating a living child as a grantee. We are satisfied that the purpose and intent of the grantor was to convey the property absolutely to his wife, and vest the full title thereto in her; but that, finding the word "heirs" in the printed form of the deed, he had in mind that he did not wish her children, other than Mattie, to participate in the property as her *heirs*, and he therefore struck the letter "s" from the word "heirs," and inserted the clause referred to. In other words, the construction of this deed as written, in the light of the attendant circumstances, which are meager, under the evidence, leads us to the conclusion that it was the evident purpose and intent of the grantor to create an estate that is unknown to the law. The grantor was evidently, by this instrument, undertaking to vest the fee title in the property in the appellee, Jennie B. Beeman, with the thought that, by the change and interlineation made in the instrument, the grantor could control its devolution to the one heir, Mattie. In other words, it was his purpose and intent to convey the property absolutely, in fee simple, to his wife, and to attempt, in the instrument, to define and designate who her "heir" should be. By this he neither added to nor detracted from the fee-simple estate created by the deed. He did not make the appellant a joint grantee. He had no purpose or intention to vest any present interest in the property in the appellant. He created an estate in fee simple by the grant to Jennie B. Beeman. He attempted to indicate in the instrument that a designated person, to wit, the appellant Mattie, should be regarded as the sole heir of the grantee, for the purpose of this instrument. This created no estate in the appellant as a grantee, nor was it any legal limitation whatever upon the fee-

simple title granted to the appellee.  It was an attempt to designate how the title should pass from the holder of the fee-simple title.  It was an unsuccessful attempt to limit the fee-simple estate granted.

In *Johnson v. Whiton*, 159 Mass. 424, a clause in a will provided:

"After the decease of all my children, I give, devise, and bequeath to my granddaughter, Sarah A. Whiton, and her heirs on her father's side, one-third part of all my estate, both real and personal, and to, my other grandchildren and their heirs respectively the remainder, to be divided in equal parts between them."

The court said:

"A man cannot create a new kind of inheritance.  Co. Lit. 27.  Com. Dig. Estates by Grant (A 6).  These and other authorities show, too, that, except in the case of a grant by the king, if the words 'on her father's side' do not effect the purpose intended, they are to be rejected, leaving the estate a fee simple, which was Mr. Washburn's opinion.  1 Washb. Real Prop. (5th Ed.) * 61."

III.  It is contended that the deed creates a life estate in appellee, with remainder to appellant.  An estate for life is a freehold interest in land, the duration of which cannot extend beyond the life or lives of some particular person or persons, but which may possibly endure for the period of such life or lives.  16 Cyc. 614.  The estate created by the deed in the instant case does not meet the essential requirements of a life estate.  The deed passes a full fee title to someone.  The question is, to whom is the estate granted,—not the quantity or character of the estate created.

We reach the conclusion that the deed in question vested a title in the appellee in fee simple, and that the decree of the trial court, quieting said title against the adverse claim of the appellant, was correct.  It is, therefore,—*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.