**In The Matter of The ESTATE OF Ruby LAUGHEAD, Deceased.**

**Health Management Systems, Inc., ex rel. Iowa Department of Human Services, Appellee,**

**v.**

**Charles Laughead, Administrator of the Estate of Ruby Laughead, Appellant.**

**No. 04–0065.**

Supreme Court of Iowa.

April 15, 2005.

Rehearing Denied May 12, 2005.

John A. Pabst of Pabst Law Firm, Albia, for appellant.

Thomas J. Miller, Attorney General, and Barbara E.B. Galloway, Assistant Attorney General, for appellee.

TERNUS, Justice.

This appeal concerns the scope of reimbursement authorized by Iowa Code section 249A.5(2) for payments made under the State's medical assistance or Medicaid program. The appellee, Health Management Systems, Inc., acting on behalf of the Iowa Department of Human Services, filed a claim in the Estate of Ruby Laughead to recover Medicaid payments made on behalf of Laughead in the years prior to her death. Over the objections of the appellant, Charles Laughead, Administrator of the Estate of Ruby Laughead, the district court included in the probate estate a life estate held by Ruby Laughead immediate-

ly prior to her demise, and ordered the administrator to pay the appellee's claim to the extent of the value of that life estate. Upon the administrator's appeal, we affirm.

## I. *Background Facts and Proceedings.*

Prior to February 27, 1990, Ruby Laughead owned a 338–acre farm in Monroe County. On that date, she transferred this property to her son, Charles Laughead, by quitclaim deed, reserving only a life estate.

In 1995, the Iowa Department of Human Services (the department) began providing medical assistance to Ruby, primarily in the form of nursing home care, through Iowa's Medicaid program. *See generally In re Estate of Kirk,* 591 N.W.2d 630, 633 (Iowa 1999) ("Medicaid is a cooperative federal-state program designed to provide federal financial assistance to states that choose to reimburse certain costs of medical treatment for needy persons. It is the primary source of public assistance for the elderly who reside in nursing homes."). Annual income attributable to Ruby's life estate, less taxes and expenses, was also used to pay for Ruby's nursing home care.

Ruby died on July 29, 2002, and Charles was appointed the administrator of her estate. By the time of Ruby's death, the department had provided medical assistance to her in the amount of $137,596.88. Consequently, Health Management Systems, Inc. filed a claim in Ruby's estate on behalf of the department to recover these

payments. The administrator disallowed the claim, and the matter was set for hearing.

At the hearing held on the department's claim the parties stipulated that at the time of Ruby's death the farm in which Ruby held a life estate had a value of $405,000, and Ruby's life estate interest in that property had a value of $41,451.75.[1] This life estate was the only potential source of payment for the department's claim. The administrator argued the department should not be able to reach Ruby's life estate because at the time the life estate was created Iowa law did not require Medicaid reimbursement. Alternatively, he contended that even if the estate recovery statute in effect when Ruby began receiving assistance applied, Iowa Code section 249A.5(2) (1995), it did not require that a recipient's life estate be included in the recipient's probate estate. Finally, the administrator asserted that to apply any version of the estate recovery statute would unconstitutionally impair his rights to the property as the remainder person. *See* U.S. Const. art. I, § 10; Iowa Const. art. I, § 21.

The district court ruled that the statute in effect at the time of Ruby's death governed, and that applying the statute under the circumstances of this case was not an unconstitutional retroactive application. Therefore, the court held, Ruby's life estate was an asset of her probate estate, and the department's claim would be allowed to the extent of the value of that

**1.** In stipulating to the value of the life estate, the parties asked the court to rely on two "life estate tables" that calculate the relative values of a life estate and a remainder interest in property based on the age of the life tenant. *Cf. In re Estate of Kirk,* 591 N.W.2d at 634–35 (valuing recipient's interest in joint tenancy property for purposes of Medicaid reimbursement in the same manner as required under Iowa's inheritance tax statute). One table is from the Iowa Department of Revenue and Finance and is used for purposes of determining taxable value. The other table is from the Department of Human Services' manual and is taken from the "unisex life estate or remainder table" found at 26 C.F.R. § 20.2031–7 (1994). Given the parties' stipulation, the proper valuation of Ruby's life estate is not an issue in this appeal.

asset. The court directed the administrator to place in the estate the amount of $41,451.75, plus interest, as provided in Iowa Code section 535.3 (2003). *See* Iowa Code § 249A.5(2)(*e*) (stating interest accrues on debt owed by Medicaid recipient at the rate provided in section 535.3 commencing six months after the recipient's death).

 The administrator appealed. We review the district court's ruling on this contested claim for correction of errors of law. *See* Iowa Code § 633.33 (2003). Our review of the court's decision on the administrator's constitutional claim is de novo. *See In re Estate of Beck*, 557 N.W.2d 270, 271 (Iowa 1996).

## II. *Statutory Framework.*

At common law, the recipient of public assistance was not obligated to reimburse the State for payments made on the recipient's behalf. *See State ex rel. Dep't of Human Servs. v. Brooks*, 412 N.W.2d 613, 614 (Iowa 1987). The common law rule was modified with respect to Medicaid benefits in 1994 when Iowa adopted an estate recovery statute. *See* 1994 Iowa Acts ch. 1120, § 10 (codified at Iowa Code § 249A.5(2) (1995)). As originally enacted, section 249A.5(2) stated that the "provision of medical assistance ... creates a debt due the department [of human services] from the individual's estate for all medical assistance provided on the individual's behalf, upon the individual's death." Iowa Code § 249A.5(2) (1995). This statute also provided that the estate of a medical assistance recipient "includes any real property ... in which the recipient ... had any ... interest at the time of the recipient's ... death, to the extent of such interests, including but not limited to interests in jointly held property and interests in trusts." Iowa Code § 249A.5(2)(*c*). Moreover, these assets were made subject to probate.

Iowa Code § 249A.5(2)(*d*). This statute was the law at the time Ruby began receiving Medicaid benefits in 1995.

Effective April 2002, the final clause of section 249A.5(2)(*c*) was amended to reach interests in real property "including but not limited to interests in jointly held property, *retained life estates,* and interests in trusts." 2002 Iowa Acts ch. 1086, § 2 (emphasis added). "Retained life estate" was defined to include any of the following:

> *a.* A life estate created by the recipient or recipient's spouse, in which either the recipient or the recipient's spouse held any interest in the property at the time of the creation of the life estate.
>
> *b.* A life estate created for the benefit of the recipient or the recipient's spouse in property in which either the recipient or the recipient's spouse held any interest in the property within five years prior to the creation of the life estate.

Iowa Code § 249A.2(11) (2003). The amended version of section 249A.5(2)(*c*) was in effect at the time of Ruby's death.

### III. *Is Ruby's Estate Liable for Medicaid Payments Made on Her Behalf?*

 As noted above, section 249A.5(2) provides that the "provision of medical assistance" to an individual creates a debt due the department for such assistance "from the individual's estate." By the plain language of the statute, it is the receipt of benefits that gives rise to the repayment obligation. This statute was in effect when the department started paying Ruby's medical and nursing home bills, and it continued in effect to her death. Clearly, then, her estate is liable for the Medicaid benefits paid on her behalf. *See In re Estate of Thompson*, 586 N.W.2d 847, 852 (N.D.1998) (holding obligation to

repay medical assistance benefits arises when recipient receives benefits). The more troublesome question is what assets are includable in her estate for purposes of satisfying this debt. We turn to that question next.

IV. *Is Ruby's Life Estate Includable in Her Probate Estate For Purposes of Payment of the Debt Owed to the Department?*

The department contends that Ruby's life estate must be included in her probate estate under the original 1994 version of section 249A.5(2)(c) and under the amended 2002 version. The administrator argues that neither version can be constitutionally applied, and if they do apply, the original statute did not encompass life estates. The administrator's constitutional defense is addressed below. As for the question of which version of the statute controls or whether both apply, we need not decide that issue because we conclude that under either statute Ruby's life estate in the real estate transferred to Charles must be included in her probate estate.

■ Section 249A.5(2)(c) as originally enacted defined the estate of a medical assistance recipient to include "any real property ... in which the recipient ... had any .... interest at the time of the recipient's ... death, to the extent of such interests, including but not limited to interests in jointly held property and interests in trusts." Iowa Code § 249A.5(2)(c) (1995). Whether Ruby, "at the time of her death," had an interest in the real property at issue here is determined as of a point in time immediately before her death. *See In re Barkema Trust*, 690 N.W.2d 50, 56 (Iowa 2004) (holding "the phrase 'at the time of death' means the time immediately before the Medicaid recipient's death"). Immediately prior to her death, Ruby held a life estate in 338 acres of land. For

reasons that follow, we hold her life estate constituted an interest in real property within the meaning of section 249A.5(2)(c).

■ When this court was called upon to interpret section 249A.5(2)(c) in *Barkema Trust*, we concluded "the legislature clearly intended to define 'estate' broadly, and to include more than legal title, because it defined ['estate'] to include any 'legal title or interest.'" *Id.* at 55 (quoting Iowa Code section 249A.5(2)(c) (2003)). Iowa law has long recognized a life estate in real estate as an interest in that property. *See Beeman v. Stilwell*, 194 Iowa 231, 237, 189 N.W. 969, 971 (1922) (stating "[a]n estate for life is a freehold interest in land"). Moreover, it is an interest distinct from and independent of the remainder. *See Holzhauser v. Iowa State Tax Comm'n*, 245 Iowa 525, 535, 62 N.W.2d 229, 235 (1953). Therefore, Ruby had an interest in the farm immediately prior to her death, and that interest—her life estate—was includable in her probate estate under the original version of section 249A.5(2)(c).

■ As for the 2002 version of section 249A.5(2)(c), it specifically includes "retained life estates" in the deceased recipient's estate. Moreover, Ruby's life estate falls within the statutory definition of "retained life estate" because it was created by Ruby, the recipient, and Ruby held an interest in the farm—fee title—at the time she created the life estate. *See* Iowa Code § 249A.2(11) (2003) (defining "retained life estate" in part as "[a] life estate created by the recipient ... in which ... the recipient ... held any interest in the property at the time of the creation of the life estate"). Thus, the district court correctly ruled that section 249A.5(2)(c) required that Ruby's life estate be included in her probate estate for purposes of satisfying her debt to the department. *Cf. In re Estate of Gullberg*, 652 N.W.2d 709, 713 (Minn.Ct.App. 2002) (holding Minnesota's estate recovery

statute required that recipient's interest in real property owned by his wife must be included in his estate for purposes of Medicaid reimbursement).

The administrator contends this conclusion contravenes federal law. He relies on a provision in the act that amended federal law governing eligibility for Medicaid benefits. *See* Omnibus Budget Reconciliation Act of 1993, Pub.L. No. 103–66, § 13611(e), 107 Stat. 312, 627 (1993). Section 13611(e) provided that "[t]he amendments *made by this section* shall not apply ... with respect to assets disposed of on or before the date of the enactment of this Act." *Id.* § 13611(e)(2)(B), 107 Stat. at 627 (emphasis added). That date was August 10, 1993. This restriction did not apply to the amendments relating to Medicaid estate recovery, however, because those amendments were in a different section of the act. *See id.* § 13612, 107 Stat. at 627 (amending statutes pertaining to Medicaid estate recovery).

◼ We also reject an argument by the administrator that this issue is controlled by Iowa's probate code. The administrator argues probate law does not include a decedent's life estate in the probate estate and does not permit the administrator to pay claims from other than estate assets. *See* Iowa Code §§ 633.3(15) (defining "estate" as "the real and personal property of a decedent"), 633.410–.450 (providing for payment of claims, debts, and charges against decedent's estate). In contrast, the estate recovery statute provides that *"[f]or purposes of collection of a debt created by [section 249A.5(2)], all assets included in the estate of a medical assistance recipient ... pursuant to [section 249A.5(2)(c)] are subject to probate."* Iowa Code § 249A.5(2)(d) (emphasis added). Thus, the general probate laws do not apply because there is a specific law that addresses the particular matter at issue. *See* Iowa Code § 4.7 (providing when irreconcilable conflict between general and special provisions exists, special provision "prevails as an exception to the general provision"). In addition, as this court noted in *Barkema Trust,* Iowa chose to define "estate" more broadly than required by federal law, including assets that would not otherwise be included within a recipient's estate under state probate law. *Barkema Trust,* 690 N.W.2d at 55. Therefore, Iowa probate law does not control the determination of assets includable in a recipient's estate for purposes of satisfying a Medicaid debt. We now consider the administrator's constitutional defense.

V. *Is the Application of Section 249A.5(2)(c) Unconstitutional Under the Circumstances of This Case?*

◼ The administrator contends the district court improperly applied the estate recovery statute retroactively to Ruby's 1990 transfer of a remainder interest to her son. More specifically, he argues allowance of the department's claim impairs his vested remainder interest in the farm in violation of the state and federal constitutions. *See* U.S. Const. art. I, § 10, cl. 1 ("No State shall ... pass any ... Law impairing the Obligation of Contracts...."); Iowa Const. art. I, § 21 ("No ... law impairing the obligation of contracts, shall ever be passed."). The impairment arises, he contends, from the fact that he will have to sell or mortgage the property in order to have sufficient funds to place the value of Ruby's life estate in the probate estate. *See generally Adair Benevolent Soc'y v. State,* 489 N.W.2d 1, 5 (Iowa 1992) (stating person challenging statute under contract clause must show the state law substantially impairs a contractual relationship).

The flaw in this argument is that the department did not seek to reach Charles'

remainder interest, nor did the district court order that the value of the remainder interest be included in Ruby's estate. That Charles may receive less upon Ruby's death than he anticipated can be attributed to the value of Ruby's life estate, not to the court's inclusion of his remainder interest in the probate estate. We conclude, therefore, that Charles' remainder interest is not impaired by subjecting Ruby's life estate to the department's repayment claim. Consequently, section 249A.5(2)(c) is not unconstitutional as applied in this case.

### VI. *Summary.*

The district court properly ruled the estate was liable for the department's claim for reimbursement of medical assistance payments made to the decedent. In addition, the court did not err in including Ruby's life estate in her probate estate for purposes of satisfying the estate's debt to the department. Finally, the district court correctly held section 249A.5(2) did not have an unconstitutional retroactive effect. Therefore, we affirm the district court's decision.

**AFFIRMED.**