## In the Matter of the Estate of FANNIE E. EMMONS, Deceased.

Surrogate's Court, Broome County, December 9, 1937.

*Merchant, Waite & Waite*, for The Pennsylvania Company for Insurances on Lives and Granting Annuities, as testamentary trustee for Venice Margaret Cronin.

*Frank D. Morris*, as the person designated on whom to make service in behalf of the incompetent, Venice Margaret Cronin.

*Thomas B. Kattell*, appearing specially for the Commonwealth of Pennsylvania, for the purpose of raising the question of objection to the jurisdiction of the court in this matter.

*Joseph Sharfsin, City Solicitor*, for the city of Philadelphia.

BAKER, S. This is a proceeding for the judicial settlement of the accounts of The Pennsylvania Company for Insurances on Lives and Granting Annuities, as testamentary trustee for Venice Margaret Cronin under the last will and testament of Fannie E. Emmons, deceased, and also involves the construction of the provisions of the second and third paragraphs of the said last will and testament.

Testatrix, Fannie E. Emmons, died January 2, 1934, leaving a last will and testament which was duly admitted to probate in this court on February 26, 1934, and letters testamentary were duly issued thereon.

Letters of testamentary trusteeship were duly issued by this court on February 4, 1935, to the said The Pennsylvania Company for Insurances on Lives and Granting Annuities.

A decree judicially setting the accounts of the executor was entered in this court on the 18th day of February, 1935, and thereafter the sum of $3,960 was paid to the trustee, the same being the net corpus of the said trust fund as provided in the said second paragraph of the last will and testament of said testatrix.

Prior to the death of said testatrix, and on May 1, 1924, the said Venice Margaret Cronin, a resident of the county of Philadelphia, Pa., was admitted to the Philadelphia Hospital for Mental Diseases at Byberry, Pa., and she has since that time been continuously confined as an indigent patient of incompetent mind, exclusive of the time she was absent therefrom on parole. During the period of her confinement at said hospital, Venice Margaret Cronin has been charged upon the books of the said institution as an indigent patient against the county of Philadelphia and the Commonwealth of Pennsylvania.

Demand was made of the trustee for payment of the amounts alleged to be due the said city of Philadelphia and the said Commonwealth of Pennsylvania, and said trustee was warned by Ann Diggs Peple, a remainderman under the provisions of the third paragraph of the said last will and testament, to pay out no part of the said fund for the said purpose.

The Commonwealth of Pennsylvania and the city of Philadelphia have presented separate claims to the trustee herein for the maintenance and support of said Venice Margaret Cronin, which claims have been rejected by the said trustee for the reasons as stated in the paragraph numbered 8 of its petition for judicial settlement filed herein, viz.: " Your petitioner in the exercise of its discretion as such trustee and because of its understanding that the income and principal, if necessary, from said trust fund was intended to be used only to add to the care and comforts which Venice Margaret Cronin was already receiving, at the Byberry Hospital, has in the exercise of the discretion vested in it as such trustee, rejected each of the said claims."

Thereafter, on the 24th day of November, 1936, the said trustee filed in this court its petition and account for judicial settlement. A citation was issued to all the interested parties and due proof of the service thereof has been filed herein, and thereafter answers were interposed herein by the Commonwealth of Pennsylvania and the city of Philadelphia, respectively.

With this background of facts, the paragraphs of the instant will, pertinent in this proceeding for construction, must next be examined.

" *Second.* I give and bequeath to the Pennsylvania Company for Insurances on Lives and Granting Annuities of Philadelphia, Pennsylvania, the sum of Four Thousand ($4,000.00) Dollars to be held in trust by it, for the benefit of my niece, Venice Margaret Cronin, for her life time, now residing at Byberry, Philadelphia, Pennsylvania, to be held, managed, invested and reinvested as the company may think proper, and the income and principal to be used by it for the benefit of my said niece, according to the Company's discretion.

" *Third.* I give and bequeath One Thousand Dollars ($1000.) to Mrs. Sarah Craig Cronin to be used for placing her in a Home for Aged Women. If this sum is not desired by Mrs. Sarah Craig Cronin, mother of Venice, for this purpose, I give and bequeath the sum to be added to the Trust fund for my niece Venice Margaret Cronin, which is in the hands of The Pennsylvania Company for Insurances on Lives and Granting Annuities. Upon the death of my niece, Venice Margaret Cronin, if there is any of the trust fund remaining, I give and bequeath it to my niece Miss Helen Diggs, of Richmond, Virginia. If, however, Helen Diggs is not living at that time, then to Ann Diggs Peple."

The only questions for determination in this court at this time are, viz.: The meaning and effect of the word " benefit " as used in the said second paragraph of said last will and testament, and whether under the provisions of the said second paragraph of said last will and testament, discretion is vested in the trustee to determine the amount required by the beneficiary.

It is contended that the will constitutes the surrogate the judge of what portion of the corpus and income of the fund shall be used for the benefit of the *cestui que trust.*

In *City Bank Farmers Trust Co.* v. *Smith* (263 N. Y. 292, 295), Judge Lehman, writing for the Court of Appeals, states the principle in this regard in the following language:

" The life beneficiaries are given no power by the terms of the will creating the trust to interfere with the trustee in the administration of its trust and the law gives them no such power. The manner in which a trustee shall exercise his function rests ordinarily within his discretion. If he exceeds his powers, acts negligently or abuses his discretion, a beneficiary injured thereby may have redress, but a beneficiary has no power to control the action of the trustee. * * *

" In accepting a trust, the trustee assumes the duty of administering the trust with reasonable care. That duty cannot be shifted, and though, at times, a trustee, when in doubt, may ask instructions of the court, the court will not, ordinarily, advise the

trustee what course he shall pursue where there is room for the exercise of choice. * * * Trustees are not entitled to instructions ' with reference to questions relating to the administration of a trust where the trustees were authorized to exercise their discretion with reference thereto.' (*Hill* v. *Moors*, 224 Mass. 163, 165.) " (See *Matter of Martin*, 269 N. Y. 305.)

It is to be noted that in the instant will, under the provisions of the said second paragraph thereof, the income and principal is to be used by said trustee for the benefit of said Venice Margaret Cronin " according to the Company's discretion."

The scope of the trustee's powers, in relation to using this fund for the benefit of the said *cestui que trust*, necessarily depends upon the interpretation of the word " benefit " as used by said testatrix in said second paragraph of the said last will and testament.

Bouvier's Law Dictionary (Vol. 1) defines " Benefit " as " Profit, fruit or advantage."

Words and Phrases Judicially Defined (First Series) has the following: " ' Benefit,' as used in a will directing payment of income to one for his own use and benefit of property, is a much broader word than ' support ' and has no such limited meaning as the word ' support,' * * *. It is thus defined in Worcester: ' Advantage; gain; profit;' and its manifest signification is anything that works to the advantage or gain of the recipient. *Winthrop County* v. *Clinton*, 46 Atl. 435, 437; 196 Pa. 472; 79 Am. St. Rep. 729." (See *Campbell* v. *Beaumont*, 91 N. Y. 464; *Crain* v. *Wright*, 114 id. 307.)

From an examination of this will, I am unable to find any latent ambiguity in reference to any of the language used therein.

It is fundamental that the only intention of a testator which the court is empowered to effectuate is that intention expressed in the will and which flows as the necessary consequences from its expressed instructions. (*Matter of Durand*, 250 N. Y. 45, 54; *Matter of Crouse*, 244 id. 400, 404; *Matter of Rossiter*, 134 Misc. 837, 839, 840; affd., 229 App. Div. 730; affd., 254 N. Y. 583.)

It follows, therefore, that under this interpretation of the aforesaid paragraphs of the will at bar, the trustee is vested with absolute discretion to determine in the first instance the amount to be expended for the benefit of the said Venice Margaret Cronin, and that this court has no power to determine or to give instructions to the trustee in relation thereto until such time as an interested party can show that said trustee has abused its discretion or has failed to exercise the same.

Decree to be entered in conformity herewith on ten days' notice.