# IN THE SUPREME COURT OF IOWA

No. 07–1142

Filed March 27, 2009

**IN THE MATTER OF THE ESTATE OF ELENORE GIST**

**IOWA DEPARTMENT OF HUMAN SERVICES,**

Appellee,

vs.

**SUSAN ERAL** and **COLLEEN CONRAD,**

Appellants.

Appeal from the Iowa District Court for Pocahontas County, William C. Ostlund, Judge.

Trustees appeal a district court order enforcing a Title XIX lien against the trust assets. **AFFIRMED**.

Daniel D. Dykstra, Joel D. Vos, and Deena A. Townley of Heidman, Redmond, Fredregill, Patterson, Plaza, Dykstra & Prahl, L.L.P., Sioux City, for appellants.

Thomas J. Miller, Attorney General, and Barbara E.B. Galloway, Assistant Attorney General, for appellee.

**WIGGINS, Justice.**

We must decide whether the district court correctly allowed the State to enforce its Title XIX lien against a trust containing a spendthrift clause. Because we find the trust is a discretionary trust with standards, we conclude our common law allows the State to recover its lien for necessities supplied to the beneficiary from the trust, in spite of the spendthrift provision. We also conclude the lack of symmetry between Medicaid's eligibility requirements and Medicaid's ability to recover from an estate does not preclude recovery. Therefore, we affirm the decision of the district court.

## I. Background Facts and Proceedings.

In 1974, Alice and Glenn Pirie signed a joint will leaving all assets to the surviving spouse. If at the time of death there was not a surviving spouse, the property was to go to their daughter Elenore Gist, in trust for her lifetime. After Elenore's death, the assets would go to Glenn and Alice Pirie's granddaughters, Susan Eral and Colleen Conrad f/k/a Susan and Colleen Gist. In May 1982, after the death of Glenn Pirie, Alice Pirie signed a codicil to the will appointing Elenore's daughters, Conrad and Eral as trustees for the testamentary trust.

Conrad and Eral assumed their role as trustees on August 15, 1983, after the death of Alice Pirie. Elenore Gist was forty-seven years old at the time. Elenore began receiving Title XIX benefits under the Iowa medical assistance program in 1995. She continued receiving those benefits until her death on July 19, 2006.

By January 31, 2007, Conrad and Eral completed the final report and accounting for the Elenore Gist Trust. The court set the date for the hearing on that final report for March 12, 2007. On March 6, the Iowa Department of Human Services filed a claim in probate court against the

trust for the amounts it paid under Title XIX. The department also filed an objection to the final report of the trust claiming the final report failed to provide the department reimbursement for the monies it paid to Elenore under Title XIX. The department claimed Gist owed $396,570.20 to the State for services she received under Title XIX. By March 9, Eral and Conrad had filed an amended denial of the claim.

The district court ruled on the claim and objection and found the trust was a discretionary support trust set up for Elenore Gist and as such, it should be used to repay her Title XIX debt. Eral and Conrad appeal.

## II. Issues.

In this appeal, we must decide whether the district court erred in finding the testamentary trust created for Elenore Gist was subject to Gist's Title XIX medical assistance debt. If we determine that the trust is subject to the debt, we must then determine whether the trust's identification as a spendthrift trust defeats the State's claim for reimbursement. Finally, we must decide whether the lack of symmetry between Medicaid's eligibility requirements and Medicaid's ability to recover from an estate precludes the State from recovery.

## III. Scope of Review.

This case comes to us from a ruling in probate court. The State's objections to the trustees' final report as well as its claim against the trust are equitable in nature. *In re Barkema Trust*, 690 N.W.2d 50, 53 (Iowa 2004). Thus, the court's scope of review is de novo. Iowa R. App. P. 6.4; *Barkema*, 690 N.W.2d at 53.

## IV. Applicable Trust Provisions.

The relevant provisions of the Piries' will creating the trust for Elenore are as follows:

The trustee shall pay to Elenore for so long as she shall live at quarterly intervals, or more often the income from the trust assets or so much thereof as may be necessary to provide her with a reasonable standard of living, considering any other means of support or resources which she may have. If the income shall be insufficient to provide her with a reasonable standard of living the trustee may invade the principal or corpus of the trust assets. While provision is hereinafter made for the disposition of any trust assets which may remain at Elenore's death it shall not be an objective of this trust to preserve the trust estate intact for the remaindermen beneficiaries nor to deny Elenore a reasonable standard of living for the purpose of enhancing the value of the trust estate or even preserving it for the benefit of the beneficiaries. The discretion of the trustees shall therefore extend to disbursing the whole of the trust estate for Elenore's benefit during her lifetime but, if possible, the trustee shall make provision for her burial expenses.

If any trust assets remain at the time of Elenore's death they shall be first applied to payment of her burial expenses. Should tangible property remain in the trust at the time of her death the trustee shall sell same whether it be real or personal property. Such remaining assets shall, after the payment of Elenore's burial expenses be distributed to our grandchildren Colleen Gist and Susan Gist to share and share alike but if they, or either of them have not attained their majority then the share of the minor or minors shall continue to be held in trust by the trustee; it shall make such payments of or from income and principal as it may be considered necessary for the care, support and education of any such minor and the balance, if any, remaining at said minor's attaining her majority shall then be paid to her and the trust shall end upon the last such payment. In the event of the death of either Colleen or Susan before the time for distribution to them, or either of them, has arrived then their respective shares shall be paid to their heirs at law.

All assets of the trust and the income therefrom shall be free from the claims of any and all creditors of the beneficiaries thereof and shall not be used for the payment of their debts or obligations except as may be necessary to carry out the purposes of the trust. No beneficiary shall have any power or right to assign, sell, pledge, hypothecate or in any other manner deal with the trust property. All restrictions herein contained shall apply equally to include

every person having a claim against, or making a demand against the beneficiaries whether such claim or demand is imposed by law or otherwise, except that lawful taxes may be collected from the trust assets to the extent permitted by law.

The last paragraph of the quoted language is a spendthrift provision.

**V. Whether the Trust is Subject to Gist's Title XIX Medical Assistance Debt.**

The State claims Iowa Code section 249A.5 allows it to recover from the estate the monies it paid on Elenore's behalf under Title XIX. Section 249A.5 provides:

> The provision of medical assistance to an individual who is fifty-five years of age or older, or who is a resident of a nursing facility, intermediate care facility for persons with mental retardation, or mental health institute, who cannot reasonably be expected to be discharged and return to the individual's home, creates a debt due the department from the individual's estate for all medical assistance provided on the individual's behalf, upon the individual's death.

Iowa Code § 249A.5(2) (2005). The Code defines "estate" under chapter 249A as property in which a recipient has "any legal title or interest at the time of the recipient's . . . death, to the extent of such interests, including but not limited to interests in jointly held property, retained life estates, and interests in trusts." *Id.* § 249A.5(2)(*c*). Iowa adopted this recovery statute in 1994. 1994 Iowa Acts ch. 1120, § 10 (codified at Iowa Code § 249A.5(2) (1995)). The assets included within the expansive definition of "estate" are subject to probate. Iowa Code § 249A.5(2)(*d*); *see also In re Estate of Serovy*, 711 N.W.2d 290, 293–94 (Iowa 2006) (holding the estate included assets held in joint tenancy and allowing for recovery of those assets).

We have recently set forth the analytical framework to determine whether a trust should be subjected to Medicaid recovery under Iowa

Code section 249A.5(2)(*c*). *Barkema,* 690 N.W.2d at 53, 55–56. First, we must classify the trust at issue. *Id.* at 53. Next we must determine whether the beneficiary's interest in the trust is the kind of interest encompassed by section 249A.5(2)(*c*). *Id.* at 55. Finally, we must decide whether that interest was present at the time of the beneficiary's death. *Id.* at 56.

**A.  Classifying the Trust.**  In *Barkema,* we identified the two classifications of support trusts, a pure support trust and a discretionary support trust. *Id.* at 53–54. The Restatement of Trusts no longer refers to the classification of discretionary support trust as a discretionary support trust. Restatement (Third) of Trusts § 50 (2003). The Restatement now classifies a discretionary support trust as a discretionary trust with standards. Helene S. Shapo, George Gleason Bogert & George Taylor Bogert, The Law of Trusts and Trustees § 228, at 567 (3d ed. 2007). Regardless of whether we refer to a trust as a discretionary support trust or a discretionary trust with standards, they are the same animal.

We explained the difference between a pure support trust and a support trust with standards as follows:

> A settlor creates a pure support trust "[i]f a trustee is directed to pay or apply trust income or principal for the benefit of a named person, but only to the extent necessary to support him, *and only when the disbursements will accomplish support.*"  In contrast, a settlor creates a [discretionary trust with standards] if "the stated purpose of the trust is to furnish the beneficiary with support, and the trustee is directed to pay to the beneficiary whatever amount of trust income [or principal] the trustee deems necessary for his support." Generally, if the trust is a [discretionary trust with standards],
>
>> the beneficiary has a right that the trustee pay him the amount which in the exercise of

> reasonable discretion is needed for his support . . . ; and the beneficiary can transfer this interest or his creditors may reach it, unless it is protected by a spendthrift clause.

*Barkema*, 690 N.W.2d at 54 (citations omitted).

The trust agreement created by the joint will of the Piries gave the trustee the discretion to distribute the income of the trust to Elenore "as may be necessary to provide her with a reasonable standard of living, considering any other means of support or resources which she may have." The trust gave the trustee the discretion to invade the principal or corpus to provide her with a reasonable standard of living. The trust did not limit the principal and corpus payments to the mere support of Elenore, but allowed those payments to provide her with a reasonable standard of living. This language created a discretionary trust with standards. *Id.*

**B. Whether the Beneficiary's Interest in the Trust is the Kind of Interest Encompassed by Section 249A.5(2)(*c*).** We have stated that for purposes of section 249A.5(2)(*c*) a beneficiary has an "interest" in a trust to the extent the assets are available to the trust beneficiary. *Id.* at 55. In a discretionary trust with standards, the beneficiary has the right to require the trustee to pay him the amount, which in the exercise of reasonable discretion is needed to support him. *Id.* at 54. Additionally, the beneficiary may transfer his interest and a creditor may reach it. *Id.* Accordingly, a beneficiary's interest in the discretionary trust with standards is the kind of interest encompassed by section 249A.5(2)(*c*). Therefore, Elenore's interest in the trust is the kind of

interest encompassed by section 249A.5(2)(*c*), unless the spendthrift clause of the trust precludes the State from reaching that interest.[1]

**C. Whether the Beneficiary's Interest in the Trust was Present at the Time of the Beneficiary's Death.** In *Barkema*, we determined that in a discretionary trust with standards, the beneficiary's interest is present at the time of the beneficiary's death. *Id.* at 56. The trustees have not contested the district court's finding that Elenore's interest in the trust was present at the time of her death. On appeal the trustees only contest whether Elenore's trust was a discretionary trust with standards and whether that interest was the type encompassed by section 249A.5(2)(*c*). Thus, we agree with the district court that the trust is a discretionary trust with standards, the beneficiary's interest in the trust is the kind of interest encompassed by section 249A.5(2)(*c*), and that interest was present at the time of her death.

**VI. The Effect of the Spendthrift Clause.**

Having determined the Gist Trust is the type of trust from which the State is entitled to reimbursement for its Title XIX claim, we must determine whether the spendthrift clause protects the assets of the trust. The trustees argue that the Iowa Trust Code's provisions on spendthrift trusts prevent the State from seeking reimbursement from the trust on its Title XIX lien. The trustees cite Iowa Trust Code sections 633A.2301 and 633A.2302, which provide in relevant part:

**633A.2301. Spendthrift protection recognized**

Except as otherwise provided in section 633A.2302, all of the following provisions shall apply:

---

[1]The beneficiary's power to transfer his or her interest or the ability of a creditor to reach it may be limited by a spendthrift provision under certain circumstances. *In re Barkema Trust*, 690 N.W.2d 50, 54 (Iowa 2004). See division VI of this opinion for a discussion on the spendthrift clause of the Gist Trust.

1. A term of a trust providing that the interest of a beneficiary is held subject to a "spendthrift trust", or words of similar import, is sufficient to restrain both voluntary and involuntary transfers of the beneficiary's interest.

. . . .

4. A creditor or assignee of a beneficiary of a spendthrift trust may not compel a distribution that is subject to the trustee's discretion despite the fact that:

*a.* The distribution is expressed in the form of a standard of distribution.

*b.* The trustee has abused its discretion.

Iowa Code § 633A.2301.

### 633A.2302. Exception to spendthrift protection

A term of a trust prohibiting an involuntary transfer of a beneficiary's interest shall be invalid as against claims by any creditor of the beneficiary if the beneficiary is the settlor.

*Id.* § 633A.2302.

On its face, these sections of the Iowa Trust Code appear to end the analysis because the Code does not contain an exception to the spendthrift protection in the trust for services or supplies provided for necessities. *See* Restatement (Third) of Trusts § 59(b) (2003) (providing an exception to a spendthrift provision in a trust for "services or supplies provided for necessities"). However, our analysis must continue based on section 633A.1104 of the Iowa Trust Code, which provides, "[e]xcept to the extent that this chapter modifies the common law governing trusts, the common law of trusts shall supplement this trust code." Iowa Code § 633A.1104.

Our common law does have an exception to a spendthrift provision for services or supplies provided for necessities. *In re Estate of Dodge,* 281 N.W.2d 447, 451–52 (Iowa 1979). There we held a creditor's claim may be enforced against the trustee of a support trust subject to a

spendthrift clause if (1) the claim is for necessary goods or services, not officiously rendered, which the settlor intended to provide the beneficiary through trust funds; and (2) the withholding of payment for the goods and services is not properly within the discretion granted the trustee by the trust instrument. *Id.* at 451.

The Iowa Trust Code is silent as to a necessity exception. Sections 633A.2301 and 633A.2302 do not provide that its exceptions are exclusive. As section 633A.1104 clearly establishes, the common law of trusts shall supplement the trust code. Our common law has recognized a necessity exception since 1979. Accordingly, the common law necessity exception in *Dodge* still applies notwithstanding enactment of the Iowa Trust Code. *See* Martin D. Begleiter, *In the Code We Trust— Some Trust Law for Iowa at Last*, 49 Drake L. Rev. 165, 210–11 (2001) (opining that section 633A.1104 retains the necessity exception).

Applying the exception as set forth in *Dodge*, the State provided Elenore with necessary goods or services. The settlor of the trust intended for the trust to provide a reasonable standard of living for Elenore, which includes the goods and services provided by the State. Additionally, because this was a discretionary trust with standards, the withholding of payment for the goods and services was not properly within the discretion granted the trustee by the instrument. *Barkema*, 690 N.W.2d at 54. Therefore, the spendthrift provision of the trust does not prevent the State from collecting its Title XIX lien.

**VII. Symmetry Argument.**

The final argument made by the trustees to prevent the State from enforcing its Title XIX lien is that there should be symmetry between the determination of whether an asset is available during the lifetime of the beneficiary for Medicaid eligibility purposes and the determination made

for estate recovery purposes of whether an asset is included in the decedent's estate under Iowa Code section 249A.5. In other words, if an asset does not make a person ineligible for Medicaid, that asset should not be used to reimburse the State for its Medicaid payments.

The trustees claim it is unfair not to have symmetry. Whether there should be symmetry between the eligibility for Medicaid and the recovery allowed by the State under section 249A.5 is not a decision for this court. That is a policy decision to be made by the legislature, the branch of government responsible for enacting the laws governing Medicaid. Moreover, there are valid reasons for this policy decision.

By not requiring a person to spend all of his or her assets in order to be eligible for Medicaid, the legislature has allowed the recipient to use his or her funds for items not covered by Medicaid. Although the legislature could have just as easily required a recipient to spend all assets before being eligible for Medicaid, that requirement would create a significant hardship on Iowa families because Medicaid does not cover one hundred percent of a person's expenses. The legislature took a more humanitarian approach by allowing recipients to keep certain assets to pay for items not covered by Medicaid. To the extent such assets are not exhausted at the time of the recipient's death, however, the legislature allows the State to recoup its payments from those assets. As a court, we defer to the legislature on these matters. Consequently, the lack of symmetry is not a reason for us to hold the State is not entitled to reimbursement of its Title XIX lien.

## VIII. Disposition.

Having determined that the trust is a discretionary trust with standards, we conclude our common law allows the State to recover its lien for necessities supplied to the beneficiary from the trust, in spite of

the spendthrift provision. Because the lack of symmetry between Medicaid's eligibility requirements and Medicaid's ability to recover from an estate does not preclude recovery, we affirm the decision of the district court.

**AFFIRMED.**