# IN THE COURT OF APPEALS OF IOWA

No. 22-0048
Filed December 7, 2022

**IN THE MATTER OF THE TRUST UNDER THE WILL OF WALTER RIESSEN,**

**RONALD RIESSEN,**
Trustee-Appellant.

_____

Appeal from the Iowa District Court for Ida County, James N. Daane, Judge.

A trustee appeals an order requiring it to pay a claim for Medicaid debt of the trust beneficiary. **AFFIRMED.**

Justin F. Reininger and Peter A. Goldsmith of Boerner & Goldsmith Law Firm, P.C., Ida Grove, for appellant.

Thomas J. Miller, Attorney General, and Laura F. Kron, Assistant Attorney General, for appellee.

Heard by Vaitheswaran, P.J., Ahlers, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**AHLERS, Judge.**

Walter Riessen died in 1972. His will gave his property to his four children in equal shares, but the share given to his daughter Joan Riessen was to be held in trust with his son Ronald Riessen serving as trustee. Specifically, the part of the will relevant to this dispute provided:

> I hereby give, devise and bequeath unto my children: Lois Jensen, Alberta Reitz, Ronald Riessen and Joan Riessen in equal shares all personal property owned by me at the time of my death, share and share alike, provided that the share of Joan Riessen is to be placed in the Trust hereinbelow provided.
> . . . . [After providing for the surveying and division of Walter's farm into four equal parcels,] I give, devise and bequeath said four equal tracts as follows:
> . . . .
> 2. Tract No. 2 to the Trustee hereinafter named, subject to the terms and conditions of said Trust.
> . . . .
> I hereby appoint Ronald Riessen as Trustee for the benefit of my daughter, Joan Riessen, and said Trustee shall take possession of all properties herein provided as being placed in trust.
> The Trustee shall manage all of said property from the same as a reasonable prudent man under the circumstances would. It is my specific wish and order and direction that the Trustee shall have the full right to rent the land held in trust personally under the same leasing arrangements as is prevalent in and around the community of Battle Creek, Iowa. It being my full intent that he shall have every right to farm the land as a tenant.
> The said Trustee shall pay out the net income from the trust property in such amounts and at such times as he deems advisable for the benefit of my daughter, Joan Riessen.
> The said Trustee shall deliver to my daughter, Joan Riessen, all trust property and accumulated income held in his hands at such time as he in his sole and absolute discretion determines that she should receive said property. This discretion shall be his alone and shall not be possessed by any subsequent trustee.
> Said Trustee shall have the right to invade any trust corpus held by him when in his own sole and absolute discretion he deems it necessary for the benefit of my daughter, Joan Riessen. This again is a personal right belonging to the Trustee herein named, and shall not be the right of any subsequent Trustee.
> In the event of the death of my daughter, Joan Riessen, any property in the hands of the said Trustee shall immediately pass to

my other children, namely: Lois Jensen, Alberta Reitz and Ronald Riessen.

It is my specific will and request that in the event that the owners of both Tracts 3 and Tract 4 should at any time sell said tracts, then in that event only the Trustee shall have the right to purchase from himself Tract No. 2. The purchase price shall be determined in the following manner: the inheritance tax appraisers for Ida County at that time shall place a valuation on said Tract No. 2 which shall be the selling price.

My reason for giving this power to the Trustee herein named is that it is my hope and desire to keep the entire property in the family.

The terms of the will were carried out, and Ronald served as trustee of the trust. During Joan's lifetime, the trust provided no funds for Joan's medical care. Instead, her medical needs were paid for by Title XIX medical assistance (Medicaid). Following Joan's death in 2020, the Iowa Department of Human Services sought reimbursement from the trust for the Medicaid assistance Joan received. The probate court ordered the trust to reimburse the department. The trustee appeals.

## I.      Standard of Review

This claim was tried as a probate proceeding. "Contested claims in probate are tried and reviewed at law." *In re Est. of Melby*, 841 N.W.2d 867, 871 (Iowa 2014), *see also* Iowa Code § 633.33 (2021). Likewise, we review the probate court's interpretation of statutes for legal error. *Id.*

## II.      Discussion

Under Iowa Code section 249A.53(2), when Medicaid funds are used to provide medical assistance to "an individual who is fifty-five years of age or older, or who is a resident of a nursing facility, intermediate care facility for persons with an intellectual disability, or mental health institute, who cannot reasonably be

expected to be discharged and return to the individual's home" a recoverable debt is created that is "due [to] the department from the individual's estate for all medical assistance provided on the individual's behalf, upon the individual's death." "For purposes of this section, the estate of a medical assistance recipient, . . . includes . . . interests in trusts." Iowa Code § 249A.53(2)(c).

"[T]o determine whether a trust should be subjected to Medicaid recovery under Iowa Code section 249A.[53(2)]" we follow a three-step process. *In re Est. of Gist*, 763 N.W.2d 561, 565 (Iowa 2009). "First, we must classify the trust at issue. Next we must determine whether the beneficiary's interest in the trust is the kind of interest encompassed by section 249A.[53(2)(c)]. Finally, we must decide whether that interest was present at the time of the beneficiary's death." *Id.* (internal citations omitted).

Turning to the first step in our analysis, the trustee urges us to classify this as a trust without standards. Conversely, the department urges us to classify the trust as a discretionary trust with standards.[1] Both parties highlight different trust language to support their arguments.

As a preliminary observation, it may not matter how we classify the trust. Although set forth in our case law as a three-step approach, our supreme court has noted that determining whether trust assets are available to the department for satisfaction of its claims "may be resolved by *any* of the three inquiries, and thus the analysis need not follow the same sequence in every case." *Melby*, 841

---

[1] Case law uses the phrases "discretionary support trust" and "discretionary trust with standards" interchangeably; the two terms refer to the same type of trust. *Gist*, 763 N.W.2d at 565 ("Regardless of whether we refer to a trust as a discretionary support trust or a discretionary trust with standards, they are the same animal.").

N.W.2d at 871 n.5.  Further, even if this is a pure discretionary trust as claimed by the trustee, it may not shield the trust's assets from the department's claim.  As noted by a recognized authority:

> Even with a pure discretionary trust in which the trustee's discretion is "sole and absolute," or "uncontrolled," and the trust is without standards, the beneficiary may obtain judicial review to determine whether the trustee has abused that discretion.  If there were no judicial review, and the terms were taken literally, the trustee would, in effect, be the owner of the trust property and the settlor's trust terms would be precatory only.

Helene S. Shapo, George Gleason Bogert & George Taylor Bogert, *Bogert's the Law of Trusts and Trustees* § 228 (June 2022 Update); *see also Gist*, 763 N.W.2d at 565 (citing *Bogert's* with approval).

Although classification of the trust may not be required, we do so here.  We side with the department and conclude the trust language creates a discretionary trust with standards.

> [A] settlor creates a [discretionary trust with standards] if the "stated purpose of the trust is to furnish the beneficiary with support, and the trustee is directed to pay to the beneficiary whatever amount of trust income [or principal] the trustee deems necessary for his support."  Generally, if the trust is a [discretionary trust with standards],
> > the beneficiary has a right that the trustee pay him the amount which in the exercise of reasonable discretion is needed for his support . . . ; and the beneficiary can transfer this interest or his creditors may reach it, unless it is protected by a spendthrift clause.

*Gist*, 763 N.W.2d at 565 (second and third alteration in original) (quoting *In re Barkema Trust*, 690 N.W.2d 50, 54 (Iowa 2004)).  The trust language required the trustee to pay out net income for Joan's benefit and to invade the trust corpus when "necessary for the benefit" of Joan.  *Cf. id.* at 564.; *In re Kinsel*, No. 08-1625, 2010 WL 446551, at *3 (Iowa Ct. App. Feb. 10, 2010) (emphasizing that the trust at issue

was a discretionary support trust when it provided "the trustee with the discretion to invade the principal or the corpus of the trust in order to meet [a] minimum level of support"). So, the trust language made clear that the trustee was required to provide benefit to Joan when needed, even permitting the trustee to invade the corpus when necessary. *See Barkema*, 690 N.W.2d at 54 (citing trust language that permitted the trustee to invade the trust corpus when necessary for the beneficiary's support as evidence the trust at issue was a discretionary support trust). While it gave the trustee discretion to determine when to make such payments for Joan's benefit, it still required the trustee to pay when the time was right.

In an attempt to avoid classifying the trust as a discretionary trust with standards, the trustee points to Iowa Code section 633A.4702, which provides:

> In the absence of clear and convincing evidence to the contrary, language in a governing instrument granting a trustee discretion to make or withhold a distribution shall prevail over any language in the governing instrument indicating that the beneficiary may have a legally enforceable right to distributions or indicating a standard for payments or distributions.

However, in *Kinsel*, we determined section 633A.4702 is not applicable to trusts established before the section's enactment in 2004 because the legislature did not intend to materially alter trusts already in existence at the time of enactment. 2010 WL 446551, at *4–5. This trust was established long before 2004, so we apply the same reasoning from *Kinsel* and conclude section 633A.4702 does not alter this trust. The trustee asks us to overrule *Kinsel* as being overly broad, but he does not provide any supporting argument. In addition to there being no supporting

argument in favor of abandoning *Kinsel*, we find *Kinsel*'s reasoning to be sound. So, we decline to overturn *Kinsel*, choosing instead to follow it.

The trustee also argues we must consider Walter's intent as the testator when classifying this testamentary trust. It is true that when we interpret a testamentary trust, like this one, "the intent of the testator is the polestar and must prevail." *Strojek v. Hardin Cnty. Bd. of Supervisors*, 602 N.W.2d 566, 571 (Iowa Ct. App. 1999). To determine a testator's intent, we consider: "(a) all of the language contained within the four corners of the will, (b) the scheme of distribution, (c) the surrounding circumstances at the time of the will's execution and (d) the existing facts." *In re Est. of Rogers*, 473 N.W.2d 36, 39 (Iowa 1991). The trustee highlights the following passage of Walter's will, "My reason for giving this power to the Trustee herein named is that it is my hope and desire to keep the entire property in the family." The trustee argues this makes clear Walter did not intend to create a discretionary trust with standards that could result in family property held by the trust be sold outside the family to satisfy debts.

We find the trustee's argument unpersuasive for two reasons. First, the passage relied upon by the trustee follows provisions for what happens if the tracts given to Lois and Alberta were sold. In that event, Ronald was given the authority to purchase the land in the trust himself. It was in this context that Walter expressed the hope and desire to keep the property in the family. We do not view this passage as a proclamation that Walter intended to prevent Joan's needs from being met in favor of a desire to keep the land in the family. Second, we also consider the fact that Walter specifically permitted the corpus of the trust to be invaded for Joan's benefit when necessary. This suggests Walter had a

preference to keep the property within the family but understood it might be necessary to break it up to provide for Joan. And like in *Kinsel*, because "Medicaid estate recovery had not yet been enacted by the legislature," "it would not have occurred to [Walter] to try to shield assets from [the department]'s eventual reach by making their availability to [Joan] purely discretionary." 2010 WL 446551, at *5. Having considered Walter's intent, we are still satisfied that this is a discretionary trust with standards.

Having classified the trust as a discretionary trust with standards, we must determine whether Joan's interest in the trust is the kind of interest encompassed by section 249A.53(2)(c). *See Gist*, 763 N.W.2d at 565. "[A] person has an 'interest' in the trust to the extent the assets of a trust are actually available to a trust beneficiary, as that term is used in section 249A.[53(2)(c)]." *Barkema*, 690 N.W.2d at 55. "In order for an asset to be considered an actually available resource, an applicant must have a legal ability to obtain it." *Id.* (citation omitted). The trust here required the trustee to make payments to Joan for her benefit and permitted the trustee to invade the corpus when "necessary for the benefit" of Joan. That permitted Joan "the legal ability to compel the trustee to invade the corpus of the trust and make distributions to her for her support." *Id.* at 56. As a result, she had an interest in the corpus of the trust.

Finally, we consider whether Joan had an interest in the trust at the time of her death. *Gist*, 763 N.W.2d at 565. This means her interest at the point in time immediately before her death. *Barkema*, 690 N.W.2d at 56. Nothing terminated her interest in the trust immediately prior to her death. So, the department acquired

her interest in the trust and the right to recover for the medical expenditures following her death.

## III.    Conclusion

For the foregoing reasons, we affirm the district court and conclude the trustee shall pay the department's claim for reimbursement.

**AFFIRMED.**

Vaitheswaran, P.J, concurs; Danilson, S.J., dissents.

**DANILSON, Senior Judge** (dissenting).

I respectfully dissent. As the trial judge in *In re Barkema Trust*, 690 N.W.2d 50 (Iowa 2004), and *Strojek ex rel. Mills v. Hardin County Board of Supervisors*, 602 N.W.2d 566 (Iowa Ct. App. 1999), I have previously acknowledged the State's authority to recoup Medicaid expenditures from a beneficiary who was entitled to trust distributions. However, I disagree that Riessen's trust provisions can be interpreted to identify an ascertainable or measurable standard upon which the beneficiary had an interest subject to recoupment by the State. Thus, I would reverse.

Walter Riessen, an Iowa landowner, entrusted his only son to serve as trustee. He granted his son "sole and absolute discretion" to invade the trust corpus when his son deemed "it necessary for the benefit of my daughter, Joan Riesssen." Riessen gave this authority to his son stating, "This again is a personal right belonging to the [t]rustee herein named, and shall not be the right of any subsequent [t]rustee." Along with the personal and broad discretion, the standard imposed by the terms of the trust—"necessary for the benefit"—does not reference support, care, maintenance, comfort, general welfare, or any other standard upon which to ascertain or measure an interest in the trust. One authority discussing distribution standards stated: "The fact of the matter is that there is a continuum of discretionary trusts, with the terms of distributive powers ranging from the most objective (or 'ascertainable,') of standards (pure 'support') to the most open ended (e.g., 'happiness') or vague ('benefit') . . . ." Restatement (Third) of Trusts § 60 cmt. a (Oct. 2022 update) (internal citation omitted).

One court facing a similar issue attempted to define the word "benefit" by citing to dictionaries and reviewing related authorities, and it ultimately concluded the trustee was "vested with absolute discretion to determine in the first instance the amount to be expended for the benefit of" the beneficiary. *In re Emmons' Will*, 300 N.Y.S. 580, 585 (Surr. Ct. 1937). In *Emmons*, the court stated, "this court has no power to determine or to give instructions to the trustee in relation thereto until such time as an interested party can show that said trustee has abused its discretion or failed to exercise the same." *Id.*

In *Barkema*, the Iowa Supreme Court concluded if the beneficiary had the legal ability to compel the trustee to invade the trust corpus the beneficiary had an interest in the trust corpus. 690 N.W.2d at 56. In concluding the State could recoup the monies expended on the beneficiary's behalf for Medicaid, the court found the trust "contained enough of a distribution standard to create an interest" in the trust corpus. *Id.* The *Barkema* trust required the trustee to pay the beneficiary "the amount which in the exercise of reasonable discretion [was] needed for [the beneficiary's] support." *Id.* (first alteration in original) (citation omitted).

Here, if Riessen intended for the trust corpus to encompass support, care, maintenance, or some other clearly ascertainable or measurable standard, he could have easily included such language. Instead, Riessen expressed his utmost respect for his son's exercise of authority as trustee and provided only vague instructions on the use of the trust corpus. The terms of the trust simply do not provide "enough of a distribution standard" as required in *Barkema*. *Id.* To interpret "benefit" under the facts of this case to be an ascertainable standard

constituting an interest in the trust would modify the terms of the trust.  Moreover, on this record there is no evidence the trustee abused his discretion.  I would reverse.